**UNITED STATES of America**

v.

**2,265 ONE GALLON PARAFFINED TIN CANS, W. C. Cumby, Claimant.**

**Civ. A. No. 408.**

United States District Court
N. D. Georgia,
Newnan Division.

Feb. 21, 1959.

———◆———

Charles D. Read, Jr., Acting U. S. Atty., Atlanta, Ga., for plaintiff.

Howe & Murphy, Buchanan, Ga., for defendant.

SLOAN, District Judge.

The above case was tried to the Court without a jury on November 18 and 19, 1957, and on February 4, 1958, 170 F. Supp. 573, the Court made findings of fact and conclusions of law and on February 14, 1958, entered a judgment therein.

Appeal was duly made and on October 24, 1958, the United States Court of Appeals for the Fifth Circuit, 260 F.2d 105, reversed the judgment of this Court and directed that the case be remanded here for further proceedings not inconsistent with that judgment.

After conferences between the Court and counsel at which time the matter was fully discussed, counsel for the United States and counsel for the claimant entered into a stipulation agreeing that another trial of the cause would not be necessary since neither side wished to present additional evidence and agreeing that if additional findings of fact are required that such findings be entered on the evidence presented on the trial as shown by the transcript thereof filed in connection with the appeal of the case, the parties agreeing that the Court make such findings and enter such judgment and decree as the rulings of the Court of Appeals require, each party expressly reserving the right to except to and ap-

580

peal from such findings of fact, conclusions of law or judgment entered.

Now, giving consideration to the decision of the United States Court of Appeals and to the evidence adduced upon the trial of the case, the Court makes the following additional

Findings of Fact

1. The Court finds that the following described goods were owned and possessed by W. C. Cumby with the intent on the part of said Cumby to sell said goods to persons desiring and intending to use the same to make illegal liquor.

| Quantity | Item |
| --- | --- |
| 2,265 | One-gallon paraffined tin cans contained in onion sacks |
| 217 | Burners |
| 1 | Cylinder-type burner |
| 13 | Burners (incomplete) |
| 52 | 60-gallon wooden barrels |
| 19 | Whiskey hydrometers |
| 6 | Mash hydrometers |
| 10 | Pints of beading oil |
| 100 | Feet of 1 inch plastic hose |
| 4 | 50-gallon wooden barrels |
| 2 | 55-gallon wooden barrels |
| 5 | 20-gallon pressure tanks |
| 3 | 30-gallon pressure tanks |
| 41 | Felt strainers or filters |
| 15 | Sheets of galvanized metal |
| 5¼ | Rolls of aluminum sheet metal |
| 15 | Air hand pumps |
| 76 | Funnels of assorted sizes |
| 5 | Sets of dual burner valves |
| 1 | Set of single burner control valves |
| 25 | Burner lead-in pipes |
| 63 | Burner pipes with drilled holes |
| 1 | Quart of Peach flavoring in ½ gallon glass jug |
| 1 | Quart of Corn flavoring in ½ gallon glass jug |
| ¼ | Pint Corn flavoring in pint bottle |
| 1 | Bung tap |
| ½ tray | Pump connections, hand, air |
| 30,972 | One-pint bottle caps contained in five boxes of 3,400 in each box, three boxes of 4,000 in each box, and 1,972 other bottle caps |
| 32 | One-gallon glass jugs in eight cartons |
| 24 | Small boxes of oak chips |
| 2,209 | Cases of Atlas and Knox ½ gallon glass fruit jars |
| 104 | Packages of cotton batting |
| 96 | One-gallon jugs in 24 cartons |
| 5 | Hand pump rubber hoses |
| 100 | Five-gallon tin cans |
| 224 | Cases of one-pint bottles and 30 loose bottles |
| 171 | Cases of ½ pint bottles |
| 5 | Bags of corks, 500 corks to the bag |
| 1 | Basket of bungs |
| 1 | Sack of 5-gallon tin caps |
| ½ | Box of cork stoppers |
| 500 | Pounds of dry yeast |

| Quantity | Item |
|---|---|
| 13 | 5-gallon gas cans |
| 778 | Cases of one-half gallon Atlas type fruit jars |
| 38 | Unlabeled boxes or cases of empty unlabeled one-gallon beading oil jugs |
| 3 | 30-gallon steel drums |
| 1 | Cylinder pressure tank |
| 6 | 20-gallon pressure tanks |
| 36 | 20-gallon steel fuel drums |
| 1 | 1946 van-type Reo truck, Motor No. 108A–34051, Model 19C, Georgia license number 1957 Georgia 64 A/D 29, loaded with 325 cases of Knox one-half gallon jars |
| 335 | Cases of one-half gallon Atlas jars |

The above described goods are found to be guilty.

2. The Court finds that there is not sufficient proof of illegal intention as to the other goods seized by the officers and the remainder of said goods are therefore found not guilty.

### Conclusions of Law

With some difficulty and not without misgivings, the Court construes the decision of the Court of Appeals (260 F.2d 105) as holding as follows:

1. The requisite intent necessary to forfeiture and seizure under the provisions of Title 26 U.S.C. § 7302, is established when it is shown that the owner and possessor of goods intends to sell them to persons intending to use such goods to make illegal liquor.

2. Where goods are forfeited not because of their actual illegal use, but because of the fact that the possessor holds them with the intention to sell them to persons intending to use them illegally, and where the forfeiture claimed is not of fungibles but of chattels, each having a separate identity, there is in law no such commingling of the whole so that proof of illegal intention as to part of the goods taints others as to which no such intention is shown.

3. Only goods in respect to which a clear intention to so sell them for such illegal use is shown are subject to forfeiture. 26 U.S.C. § 7302.

4. Though proof of clear intention to sell one class of goods, e. g. "tin cans" for illegal use can not be imputed to others, e. g. "mattock handles," as to which the clear intention to so sell and use them is not shown, yet all of that class of goods as to which the intent is shown, e. g. all "tin cans" will be forfeited.

### Judgment

It is ordered, adjudged and decreed that the property described in Findings of Fact No. 1, above set out in detail, is guilty as alleged in the libel of information and is therefore condemned and forfeited to the United States for the reasons stated in the Findings of Fact and Conclusions of Law above.

All other goods seized by the officers and not described in Findings of Fact No. 1 are found to be not guilty as alleged and are therefore not condemned and forfeited to the United States, and it is ordered and decreed that the Libelant, United States of America, return such property to the Claimant, W. C. Cumby, and to the premises of said Claimant from whence it was taken.